Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 06-1767

ANA I. RIVERA-OLMO,

Plaintiff, Appellant,

v.

STATE INSURANCE FUND CORPORATION (SIFC); ABC INSURANCE COMPANY;
JOHN DOE and RICHARD ROE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. Senior District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Rafael A. Oliveras López de Victoria on brief for appellant.
Johanna M. Emmanuelli-Huertas and Law Offices of Pedro E.
Ortiz Alvarez on brief for appellees.

October 12, 2007

---

[*]Of the Northern District of California, sitting by
designation.

**Per Curiam**.  Plaintiff-appellant Ana I. Rivera-Olmo appeals the dismissal of her action against her now former employer, defendant-appellee Puerto Rico's State Insurance Fund Corporation ("SIFC").  Rivera-Olmo alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2006); Law 44 of July 2, 1985, as amended, P.R. Laws Ann. tit. 1, §§ 501 et seq. (Puerto Rico's Law on Discrimination Against People with Physical and/or Mental Disabilities); and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (a claim for negligence).

The district court dismissed her claims with prejudice, finding that they were barred by a settlement agreement that resolved a previous suit brought by Rivera-Olmo against SIFC. The court also dismissed with prejudice the claims for enforcement of the settlement agreement for lack of subject matter jurisdiction. Rivera-Olmo now appeals.  We affirm.

The allegations of the complaint concern a settlement agreement between SIFC and Rivera-Olmo resulting from a suit that Rivera-Olmo filed in 1999 for violations of the ADA, Law 44, and Article 1802.  The parties entered negotiations to settle shortly before trial in November 2001.  A dispute arose about whether Rivera-Olmo had agreed to the settlement, and the district court held an evidentiary hearing on that question in February 2002.  The court determined that Rivera-Olmo was bound by the agreement and

-2-

dismissed the complaint with prejudice in April 2002.

Rivera-Olmo filed the instant complaint in July 2005, claiming that SIFC had failed to adhere to the terms of the settlement agreement in numerous ways, and that these failures constituted violations of the ADA, Law 44, and Article 1802. Rivera-Olmo also alleged additional or ongoing violations of the ADA and Law 44, based on conduct by SIFC and Rivera-Olmo's supervisors that occurred after the settlement agreement.

Until the filing of the second case, the parties had not acted to carry out the obligations of the settlement agreement, which provided for Rivera-Olmo to be evaluated for her qualification to perform the duties of certain positions. Rivera-Olmo was also to receive a payment of $35,000, and was to receive a second payment of $25,000 if SIFC ultimately determined that there were no open positions suitable for Rivera-Olmo. In September 2005, SIFC made the first payment of $35,000. On February 26, 2006, the final report evaluating Rivera-Olmo was completed by the Human Resources Department. On July 18, 2006, Rivera-Olmo was given a dismissal letter, and on August 7, 2006, a check for $25,000 was issued, as called for by the settlement agreement. Thus as of that date (a little more than a year after the filing of the second complaint) the settlement agreement had been fully performed.

We review the district court's granting of the motion to

dismiss de novo. Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007). We do not address Rivera-Olmo's request for enforcement of the settlement agreement as the terms of the agreement have now been carried out.

Rivera-Olmo does not dispute that she is bound by the settlement agreement. In the agreement, Rivera-Olmo released "all claims, demands, agreements, obligations and causes of action . . . arising out of or in any way connected with any transactions, occurrences, acts or omissions set forth or facts alleged in pleadings on file in" her 1999 lawsuit. All of the causes of action listed in the 2005 complaint are somehow "connected with" the allegations raised in the 1999 complaint. The 2005 complaint relies upon the same causes of action as the 1999 complaint, and the facts complained of concern Rivera-Olmo's evaluation, classification, compensation, and accommodation. Rivera-Olmo's 2005 complaint is premised on the problems that prompted her to file her 1999 complaint not having been remedied. (And, as noted above, the settlement agreement has since been carried out and Rivera-Olmo's employment has ended.) Her claims are therefore barred by the settlement agreement.

Assuming arguendo that some of the claims in the 2005 complaint are not "connected with" the facts alleged in the 1999 complaint, these claims are nevertheless barred by the settlement agreement's general release of all ADA, Law 44, or Article 1802

-4-

claims related to Rivera-Olmo's employment with SIFC.  Under the settlement agreement, Rivera-Olmo "releas[ed] and forever discharg[ed] [SIFC] for any and all claims, without limitation . . . including . . . a release and discharge for any potential and/or actual liability for any causes of action pursuant [sic] and/or under" various laws and statutes, including the ADA, Law 44, and Article 1802.  An employee may waive her right to sue under the ADA, as well as under other federal or state employment statutes, if the waiver is knowing and voluntary.  <u>Rivera-Flores</u> v. <u>Bristol-Myers Squibb Caribbean</u>, 112 F.3d 9, 11 n.3 (1st Cir. 1997) (upholding the validity of a settlement agreement that plaintiff "shall file no action against the Company . . . which might be directly or indirectly related to his employment with the Company . . . ").  Any of Rivera-Olmo's claims alleging new violations of the ADA, Law 44, and Article 1802 are therefore barred by the general release.

AFFIRMED.